Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 C 3275 | **DATE** | 8/19/2003 |
| **CASE TITLE** | JMS Development vs. Bulk Petroleum, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: We deny defendants' request to vacate attorneys' fees awarded to plaintiff by Magistrate Keys' Order, and deny as moot defendants' motion to stay (170-1) any further remediation of the Zaltzman Property.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 20 2003 | |
| | Notified counsel by telephone. | date docketed | 182 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 8/19/2003 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| GL courtroom deputy's initials | | GL mailing deputy initials | |

Date/time received in central Clerk's Office

03 AUG 19 PM 4:39
U.S. DISTRICT COURT CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JMS DEVELOPMENT COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 95 C 3275 |
| | ) | |
| BULK PETROLEUM CORPORATION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
AUG 2 0 2003

## MEMORANDUM OPINION & ORDER

MARVIN E. ASPEN, District Judge:

On September 17, 2002, Magistrate Judge Keys ("Magistrate Keys") entered an order granting the Plaintiff's Second Supplemental Petition for Attorneys' Fees ("Fee Petition") totaling $10,649.50. On February 20, 2002, this Court entered an order authorizing the creation of an escrow account to finance remediation and allowing Plaintiff to remediate property adjoining its own at Defendants' expense (the "Zaltzman property"). Currently before the Court are Defendants' request to vacate portions of the September 17, 2002 order ("Magistrate Judge Keys' Order") and motion to stay remediation of the Zaltzman Property. For the reasons set forth below, we deny Defendants' request to vacate Magistrate Keys' Order and deny as moot their motion to stay.

## BACKGROUND[1]

Bulk Petroleum Corporation ("Bulk") and its president, Darshan Dhaliwal ("Dhaliwal"), owned and operated a gas station on property leased from Arthur and Evelyn Zaltzman (the "Zaltzmans"), which adjoins property owned by JMS Development Company ("JMS"). JMS sued Bulk, Dhaliwal, and the Zaltzmans in this Court when it discovered the gas station's underground storage tanks had leaked and contaminated JMS's

---

[1] As the background facts of this case have been presented in previous judicial decisions, this Order sets forth only the details relevant to the present request and motion.

property. On September 18, 1997, this Court entered a Consent Decree ("Decree") signed by JMS and Defendants Bulk and Dhaliwal (collectively, "Defendants"), requiring Defendants to achieve administrative closure of JMS's property with the Illinois Environmental Protection Agency ("IEPA") within a reasonable time. The Decree required Bulk to: (1) pay a settlement amount to JMS; (2) prepare a report for submission to the IEPA pursuant to the IEPA's corrective action objectives policy (at its cost and in consultation with JMS) in order to obtain administrative closure through a "no further remediation" letter within a reasonable time; and (3) apply for participation in the Site Remediation Program within 60 days of the Decree's execution. Throughout this process, Defendants were obligated to provide JMS with copies of all related correspondence with the IEPA.

Plaintiff subsequently filed several petitions seeking attorneys' fees and sanctions against Defendants for failing to comply with the terms of the Decree. On June 14, 2001, Magistrate Keys issued a Report and Recommendation advising that: (1) Plaintiff be granted attorneys' fees; and (2) Plaintiff be permitted to undertake remediation itself at the Defendants' expense to achieve administrative closure of the property. Plaintiff later objected to the Report and Recommendation on the grounds that it insufficiently protected Plaintiff's interests,[2] and requested the creation of an escrow account into which Defendants would deposit funds to finance the remediation.

On February 20, 2002, this Court authorized the creation of an escrow account to fund remediation of JMS's property. *See JMS Dev't Co. v. Bulk Petroleum Corp.*, 2002 WL 252457, *2 (N.D. Ill. 2002). In addition, we gave JMS authorization to remediate the Zaltzman property at Bulk's expense, which was necessary to obtain administrative closure from the IEPA. *See id.* We referred the matter to Magistrate Keys to determine the specific terms of the escrow account and to rule on Plaintiff's Fee Petition requesting attorneys' fees incurred from April 1, 2001 to January 25, 2002. *See id.* On April 29, 2002, Defendants filed a timely

---

[2] Plaintiff argued that it lacked the necessary funds to remediate the property fully and expressed concern that Defendants would declare bankruptcy to evade reimbursing Plaintiff.

appeal of our February 20, 2002 order to the Seventh Circuit. On September 17, 2002, Magistrate Judge Keys granted Plaintiff's Second Supplemental Petition for Attorneys' Fees. Defendants filed their objections to Magistrate Keys' Order on October 4, 2002. On January 6, 2003, Defendants filed a motion before this Court to stay remediation of the Zaltman property pending resolution of their appeal. The Seventh Circuit dismissed Defendants' appeal for lack of jurisdiction in an opinion dated July 24, 2003.

## DISCUSSION

### I. REQUEST TO VACATE ATTORNEYS' FEES

#### A. Standard of Review

According to Federal Rule of Civil Procedure 72(a), a magistrate judge's ruling on a non-dispositive matter is reversible only upon finding that it is "clearly erroneous or contrary to law." If the motion is dispositive, however, review of a magistrate judge's recommendation is *de novo*. *See* 28 U.S.C. §636(b)(1). The awarding of attorneys' fees and costs are analogous to awarding damages, as both have a dispositive effect on a party. *See Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 869 (7th Cir. 1996). Because Magistrate Keys' Order awarded attorneys' fees and costs, we review the Order *de novo*. In doing so, we may accept, reject, or modify Magistrate Keys' recommendation, receive further evidence, or recommit the matter to him with instructions. *See id.*

#### B. Analysis

The merit of a petition for attorneys' fees is determined by examining the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly wage." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A reasonable hourly rate is the market rate the attorney commands. *See People Who Care v. Rockford Bd. of Educ. Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996). The time the attorney expends on the litigation must be reasonable and properly documented. *See id.* at 1314. Fees may be unreasonable if the

attorney was inefficient, duplicitous, or obtained an unsuccessful result. *See id.* Applying this standard, we consider Defendants' objections to Magistrate Keys' Order.

A consent decree is interpreted as a contract. *See United States v. ITT Continental Baking Co.*, 420 U.S. 223, 238 (1975). Thus, provisions for attorneys' fees are construed strictly, and only those provided for by contract may be recovered. *See Harter v. Iowa Grain Co.*, 220 F. 3d 544, 559 (7th Cir. 1999). The instant Decree provides that "a prevailing party in an action to enforce the terms of this Consent Decree shall be entitled to the recovery of all costs of enforcement including attorneys' fees and costs." Consent Decree at ¶11. Defendants do not challenge that JMS is the prevailing party or that Plaintiff's counsel's rate is unreasonable. Rather, they argue that the attorneys' fees and costs were not incurred in enforcing the Decree. They specifically contend that the awarded fees: (1) were incurred while Defendants engaged in settlement discussions with JMS to resolve issues unrelated to enforcement of the Decree; (2) were related to drafting and briefing Plaintiff's Second Petition for Rule to Show Cause, which was frivolous, without merit, and ultimately denied by Magistrate Keys; and (3) were otherwise unrelated to enforcing the Decree. We disagree.

We turn first to the settlement discussions constituted Plaintiff's attempts to secure Defendants' cooperation in achieving the main objective of the Decree – the administrative closure of JMS's property. The talks involved authorizing and arranging inspections to be conducted by Defendants' environmental consultant, a necessary step toward completing Defendants' report to the IEPA. Defendants could have avoided the expense associated with those efforts had they fulfilled their obligations in the four years between the enactment of the Decree and the initiation of the talks at issue. Accordingly, we deny Defendants' first objection.

Defendants' second objection regarding the Second Petition for Rule to Show Cause is equally without merit. Indeed, we corroborate Magistrate Keys' finding that Plaintiff's petition was justified in light of Defendants' history of "abysmal noncompliance" in fulfilling the terms of the Decree, *JMS Dev. Co. v. Bulk Petroleum Corp.*, 2001 WL 686676, *2 (N.D. Ill. 2001), and this Court's own cognizance of their unacceptable

-4-

pattern of delay. *See JMS Dev. Co. v. Bulk Petroleum Corp.*, 2002 WL 252457, *1 (N.D. Ill. 2002). For example, Defendants have changed counsel four times over the course of these proceedings, repeatedly misled Plaintiff as to Defendants' relatively nonexistent progress on remediation, failed to communicate with JMS altogether regarding the remediation process, and have yet to apply for participation in the Site Remediation Program. *See id.* Moreover, Defendants inaccurately claim that the denial of Plaintiff's Second Petition for Rule to Show Cause is further evidence of the petition's frivolous nature. To the contrary, the decision only indicates that Defendants' behavior was not sanctionable. We therefore deny Defendants' second objection.

We also reject Defendants' final objection that other awarded fees were not incurred while enforcing the Decree. They argue that fees and costs associated with communications between opposing counsel and those between Plaintiff's counsel and Defendants' environmental consultant – particularly those related to settlement efforts – are not provided for under the Decree. Defendants' counsel discounts both the importance of the information and their own noncompliance with the Decree. Communications between Plaintiff's counsel and Defendants' consultant were essential to enforcing the Decree. Defendants' consultant was employed to complete an inspection report essential to remediation of the property. Defendants' counsel, in turn, was obligated to inform Plaintiff's counsel of the report's status or completion. After repeated and unsuccessful attempts to discuss the report's status with Defendants' counsel, Plaintiff's counsel contacted the consultant directly.[3] Informing Plaintiff's counsel of the inspection report's completion would have furthered enforcement of the Decree by facilitating administrative closure.

---

[3]In Plaintiff's counsel's communications with Defendants' consultant in January of 2002, Plaintiff's counsel discovered that the report had indeed been completed since November 2001 and that Defendants were both aware of this and had received a copy. Defendants contend that contacts between JMS's counsel and Bulk's consultant were impermissible under the Decree, concluding that the conduct of Plaintiff's counsel is sanctionable under Federal Rule of Civil Procedure 26(b)(4). Rule 26(b)(4), however, governs discovery done in anticipation of litigation. As the litigation phase of this case is long past, this rule is inapplicable. We therefore deny Defendants' third objection to Magistrate Keys' Order.

## II. MOTION TO STAY

Defendants based their motion to stay remediation of the Zaltzman property on their pending appeal of this Court's February 2002 order. The Seventh Circuit dismissed Defendants' appeal for lack of jurisdiction in an opinion dated July 24, 2003. *See JMS Dev. Co. v. Bulk Petroleum Corp. & Darshan Dhaliwal*, No. 02-1674 (7th Cir. July 24, 2003). We therefore deny their motion as moot.

## CONCLUSION

For the foregoing reasons, we deny Defendants' requests to vacate attorneys' fees awarded to Plaintiff by Magistrate Keys' Order, and grant their motion to stay further remediation of the Zaltzman property with the posting of an appropriate supersedeas bond. It is so ordered.

Marvin E. Aspen
District Court Judge

Dated: _____

## II. MOTION TO STAY

Defendants based their motion to stay remediation of the Zaltzman property on their pending appeal of this Court's February 2002 order. The Seventh Circuit dismissed Defendants' appeal for lack of jurisdiction in an opinion dated July 24, 2003. *See JMS Dev. Co. v. Bulk Petroleum Corp. & Darshan Dhaliwal*, No. 02-1674 (7th Cir. July 24, 2003). We therefore deny their motion as moot.

## CONCLUSION

For the foregoing reasons, we deny Defendants' requests to vacate attorneys' fees awarded to Plaintiff by Magistrate Keys' Order, and deny as moot their motion to stay further remediation of the Zaltzman property. It is so ordered.

Marvin E. Aspen
District Court Judge

Dated: 8/19/03