UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JMS DEVELOPMENT COMPANY,          )
                                  )   No. 95 C 3275
          Plaintiff,              )
                                  )   Judge Marvin E. Aspen
     v.                           )
                                  )
BULK PETROLEUM CORPORATION,       )   Magistrate Judge Arlander Keys
et al.                            )
                                  )
          Defendant.              )
                                  )

## MEMORANDUM OPINION AND ORDER

Bulk Petroleum Corporation ("BPC") previously operated a gas station on land adjacent to property owned by JMS Development Company ("JMS"). BPC's operations left both plots contaminated, and, on August 25, 1997, BPC and JMS signed a Consent Decree that required BPC to clean up the property and to get the Illinois Environmental Protection Agency ("IEPA") to sign off on the remediation. When BPC appeared to be dragging its feet with respect to its obligations under the Consent Decree, the Court shifted responsibility for the remediation of both plots to JMS, and ordered BPC to front the cost by placing money in an escrow account from which JMS could draw funds to accomplish the clean up.

Consistent with the Consent Decree, as modified by the orders entered both by this Court and by the district judge handling the case, the Court has previously awarded JMS attorney's fees and

expenses for work performed through January 25, 2002. The case is currently before the Court on JMS' Third Supplemental Petition for Attorney's Fees, which seeks fees for work performed between January 29, 2002 and October 5, 2004, and expenses incurred in that same time period; in total, JMS seeks $56,103.00.[1]

The parties' Consent Decree, by its own terms, "is a binding and enforceable order of the Court and may be enforced as such through any and all available means"; moreover, "[a] prevailing party in an action to enforce the terms of [the] Consent Decree shall be entitled to the recovery of all costs of enforcement including attorney's fees and costs." Consent Decree, ¶11. Pursuant to this provision, JMS seeks to recover for 207.20 hours billed in 2002 at the rate of $200.00/hour, and 57.30 hours billed in 2003/2004 at the rate of $250.00/hour. Additionally, JMS seeks to recover $338.00 in expenses, including travel expenses (for travel between counsel's offices in Wilmette, Illinois and the downtown area of Chicago known as "the Loop"), filing fees, Federal Express charges, and parking fees.

---

[1] In its Petition, JMS says it is seeking $56,245.00, though the invoices it submitted in support of its Petition purport to cover fees and expenses totaling $56,576.25. The Court assumes that one or both of these numbers is the product of a mathematical error. The Court arrived at its $56,103.00 number by multiplying the hours reflected in the billing invoice (with the adjustment noted in JMS' reply brief for the 3.7 hours mistakenly billed on 12/26/03) by the rates counsel says he charged during the relevant time periods, and then adding to that sum the expenses identified in the invoice (taking into account the correction that needed to be made to the 3/14/03 travel expense entry).

BPC does not dispute that, generally speaking, JMS is entitled to recover fees and expenses under the Consent Decree; nor does BPC challenge the hourly billing rates requested by JMS' counsel. BPC argues, however, that some of the hours reflected in counsel's billing statements should be disallowed, either because the work did not relate to a matter as to which JMS was a "prevailing party," or because the work performed does not warrant reimbursement. In total, BPC argues that 68.20 hours of counsel's time should be disallowed. The Court will consider, in turn, BPC's attacks on the relevant time entries.

BPC first argues that JMS should not be permitted to recover the attorney's fees it paid in connection with its second petition for a rule to show cause, and its motion to strike BPC's response to JMS' objections to the Court's Report and Recommendation. BPC argues that JMS did not prevail on these motions and should, therefore, not be permitted to recover attorney's fees incurred in preparing and pursuing them. As JMS correctly notes, JMS does not have to have won every single spat played out in this now 10-year-old case to be considered to have "prevailed" within the meaning of the Consent Decree's enforcement provision. *See, e.g., Black's Law Dictionary* 1188 (6th ed. 1990). The Consent Decree provides that attorney's fees and costs shall be awarded to a party who prevails in an action to enforce its terms, and the hours included in JMS' Third Supplemental Petition all furthered the goal of holding BPC's

feet to the fire so that remediation of the property could be accomplished at BPC's expense.

Moreover, as JMS correctly notes, the Court has already rejected BPC's argument that JMS is not entitled to recover the fees it incurred in connection with the second petition for a rule to show cause. *See JMS Development Company v. Bulk Petroleum Corp.*, 95 C 3275, 2002 WL 31101664, at *3 (N.D. Ill. Sept. 19, 2002). And the motion to strike actually requested, as an alternative measure of relief, that JMS be permitted to file a reply brief, and this relief was granted. Thus, even under BPC's theory, JMS would have "prevailed" with respect to this motion.

BPC next challenges the time JMS' counsel spent defending against BPC's motion to disqualify him from the case, and the time JMS' counsel spent pursuing a Rule 11 motion based on that motion. As to the former, having filed the motion, BPC can hardly attack JMS for defending against it. Having said that, on this score, JMS appears to have behaved no better than BPC; not satisfied with simply responding to the motion to disqualify, JMS opted to accompany its response with its own motion for sanctions, in an attempt to raise the stakes on BPC for having filed the motion to disqualify in the first place. JMS' behavior is perhaps understandable, given the history of the case. But the Court nonetheless recognizes that it would be unfair to award all of the fees associated with the motion for sanctions on top of the fees

associated with the motion to disqualify. Accordingly, the Court will allow JMS just half of the total time spent on the motion for sanctions, which, according to counsel's time records, was 20.7 hours; the Court will disallow 10.35 hours, billed at the rate of $200/hour.

BPC next challenges the time JMS' counsel spent preparing and pursuing a motion for immediate escrow disbursement. This motion appears to have been necessary to keep the remediation moving forward, despite BPC's recalcitrance, and the Court therefore declines to disallow these fees.

Turning to the expenses, BPC has not challenged the claimed expenses, and, for the most part, the Court is satisfied that they are reasonable. Having said that, the Court will disallow the local travel expenses claimed by counsel; having already billed the client hundreds of dollars per trip for his travel time, counsel should be able to cover the train fare – at most, $8 per trip – himself.

## CONCLUSION

For the reasons set forth above, the Court grants JMS' Third Supplemental Petition for Attorney's Fees, as modified in this opinion. The Court awards JMS attorney's fees in the amount of $53,695.00, and expenses in the amount of $214.65, for a total award of $53,909.65.

Dated: March 14, 2005

ENTER:

/s/ Arlander Keys
ARLANDER KEYS
United States Magistrate Judge